

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXWIILLIXXWWIILSSGXXXX~~
ATTORNEY GENERAL

Honorable Bayne Satterfield
Firemen's Pension Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-7082
Re: Whether the widow of a fireman
who was fifty-four years of age,
having served twenty two years
and three months in a Texas fire
department, and who died on May
20, 1942, of a heart attack, is
entitled to benefits, and whether
the same should be paid retro-
actively from the date of the
husband's death.

Your letter of February 5, 1946, addressed to the Attorney
General and requesting an opinion of this department, recites the fol-
lowing facts:

"We have an instance where a fireman had served
for twenty-two years and three months in a Texas fire
department and on May 20, 1942 he died of an heart
attack. He was fifty-four years of age at the time of
his death. Assuming that his heart attack was not in
consequence of the performance of his duty as a fire-
man and in view of the fact that he had served more
than twenty years but had not reached the age of fifty-
five and the further fact that he died prior to the
enactment of the amendment to Section 6 of the Act and
in the light of your Opinions #O-6521, #O-6583, is
his widow entitled to her benefits from the Act and
should the benefits be retroactive to the date of her
husband's death?"

Section 6 of Article 6243e, Revised Civil Statutes, in part
provides:

"On and after the 1st day of April, A. D. 1939,
any person who has been duly appointed and enrolled,
and who has attained the age of fifty-five (55) years
and who has served actively for a period of twenty
(20) years in some regularly organized fire department
in any city or town in this State now within or that
may come within the provisions of this Act, in any rank,

whether as wholly paid, part paid or volunteer firemen shall be entitled to be retired from such service or department and shall be entitled to be paid from the Firemen's Relief and Retirement Fund of that city or town, a monthly pension........"

Sec. 12 of the foregoing statute, in part provides:

"If any member of any department, as herein defined, who has been retired on allowance because of length of service or disability, shall thereafter die from any cause whatsoever; . . . . or shall die from any cause whatsoever after he has become entitled to an allowance or pension certificate and shall leave surviving a widow, . . . said Board of Trustees shall order paid a monthly allowance as follows: . . . . ."

Sec. 14 of the above statute provides that any fireman possessing the qualifications and being eligible for voluntary retirement may apply to the Board of Trustees for such certificate.

In our Opinion No. 0-5878 addressed to you, approved March 8, 1944, it was pointed out that the third class of members mentioned in Sec. 12 above required death "after" the fireman has become entitled to an allowance or pension certificate. Under the facts herein presented, however, the fireman died May 20, 1942, at the age of fifty-four years and apparently without making any application to the Board of Trustees for any retirement certificate. Furthermore, to be qualified under the Act, such fireman must have reached the age of fifty-five years, in addition to having served actively for a period of twenty years, to become entitled to be retired from such service or entitled to a certificate.

The amendment of Sec. 6 of the Statute, considered in our Opinions Nos. 0-6521 and 0-6583, and to which you refer, became effective September 5, 1945, and such amendment does not have a retroactive effect as to deceased members who failed to possess the statutory qualifications at the time of their death.

You are respectfully advised that under the facts submitted your questions are answered in the negative.

Yours very truly,

WmK:LJ:wc

ATTORNEY GENERAL OF TEXAS

APPROVED MARCH 6, 1946
 s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

By  s/Wm. J. R. King
    Wm. J. R. King
        Assistant

Approved Opinion Committee
By_BWB Chairman